IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RAJIV KUMAR,

      Petitioner,

v.                                                                              No. 2:26-cv-302-SMD-SCY

KRISI NOEM, PAMELA BONDI,
MARY DE ANDA-YBARRA and DORA CASTRO,

      Respondents.

## ORDER TO ANSWER AND ENJOINING THE TRANSFER OF PETITIONER OUT OF DISTRICT

Before the Court is Petitioner Rajiv Kumar's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, filed on February 6, 2026 (Doc. 1) and Motion for Permanent Injunction (Doc. 2). Petitioner is a citizen of India and is in Immigration and Customs Enforcement's ("ICE's") custody at the Otero County Processing Center in Chaparral, New Mexico. Doc. 1 ¶ 51.

Petitioner entered the United States without inspection in 2022 and has resided here since. *Id.* 1 ¶¶ 15, 45. ICE detained Petitioner on November 28, 2022. *Id.* ¶ 46. ICE then released Petitioner on his own recognizance as part of the Alternatives to Detention Program. *Id.* ¶ 48. On December 7, 2025, ICE stopped and detained Petitioner while he was travelling by bus. *Id.* ¶ 50. Petitioner asserts that he has no criminal history. *Id.*

Petitioner is charged with, inter alia, inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i). *Id.* ¶ 15. Petitioner challenges his ongoing detention on the basis that he has not been a bond hearing in contravention of 8 U.S.C. § 1226. *Id.* ¶¶ 52–54. Petitioner further alleges that she is part of the nationwide class certified in *Bautista v. Santacruz*, *Id.* ¶¶ 35–37, which held that all noncitizens who "(1) have entered or will enter the United States without inspection; (2) were not or will not

be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination" are entitled to a bond hearing and cannot be subjected to mandatory detention. *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025), reconsideration granted in part, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025).

This Court has jurisdiction under 28 U.S.C. § 2241.  The Court finds that Petitioner has alleged sufficient facts to survive initial review and to demonstrate a possible violation of Petitioner's rights under 8 U.S.C. § 1226, as well as that he may be part of the *Bautista* class who is entitled to declaratory relief.  Accordingly, the Court will order Respondents to answer the Petition (Doc. 1) and Motion for Preliminary Injunction (Doc. 2).

**IT IS THEREFORE ORDERED** that Respondents shall answer the petition and motion for a preliminary injunction no later than February 23, 2026, at 5:00 p.m. and shall show cause as to why the requested relief should not be granted.  If Petitioner elects to file an optional reply, he must do so within seven of Respondents' answer being filed.

**IT IS FURTHER ORDERED** that the Government is enjoined from transferring Rajiv Kumar from the District of New Mexico while these proceedings remain pending, absent express written authorization from this Court.

_____
**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**